McINNIS, Judge ad hoc.
The object of this suit is to collect an open account of $707 with legal interest from May 23, 1950. Plaintiff alleges that at the request of defendant it sold and delivered certain merchandise and performed certain labor for defendant under date of April 23, 1950, in the amount of $707, and attaches to the petition the invoices.
The answer is a denial of the account, and further answering, defendant says that on or about April 23, 1950, he was drilling a well, seeking oil and gas, in north Caddo Parish, Louisiana, when 3,272 feet of drill pipe became stuck in the hole, he not knowing at the time at what depth the pipe was stuck, and that at that time one Berry, representative of plaintiff, came to the well and told him and his foreman that he, with special equipment of plaintiff, could dislodge the drill pipe by one shot and that it could be done in a manner that the pipe could be backed out of the well and most of the drill pipe could be salvaged, all for the total cost of $250. Upon these representations of Berry, defendant permitted plaintiff to come upon the lease and attempt to dislodge the pipe, but through inaptitude, or improper equipment, it took more than one shot and finally resulted in damaging the pipe the same as would have been done had he used nitroglycerin, at a cost of only $50.
At the opening of the trial defendant tendered $257.05, being the amount admitted to be due. The tender was declined.
The evidence is conflicting as to the work that was done and the price that was to be paid. From the maze of this conflicting evidence the trial judge concluded that the plaintiff had made out its case by a preponderance of the evidence, and gave judgment accordingly. From this judgment defendant has taken suspensive and devolu-tive appeal.
When Berry, plaintiff’s salesman, first went to the well, he talked to defendant *832 and his man in charge of the operation, H. H. McBride, about loosening the casing. At that time they told him that they had a swedge connecting the Kelly joint with the casing that reduced the inside diameter to 1% inches, and as plaintiff had no tool small enough to pass through ^his opening, Berry left the well.
Afterwards defendant called Berry and told him this swedge had been cut out, and to go see McBride. Berry says he showed both of them the price list, which is in evidence. Neither McBride nor defendant knew at what depth the pipe was stuck. Plaintiff has what is called a Magna-Tector which when run in the well will locate the stuck point of' the pipe so that it can be shot just above the stuck point. Berry says he told McBride the cost of running the Magna-Tector would be $350, and that he signed the order to run it. This order, annexed to the petition, is dated 4:00 p. m., April 23, 1950. The Magna-Tector was run and showed the pipe to be stuck at about 1,100 fee, but McBride and. defendant were not satisfied, and apparently believed the pipe was stuck at about 1,900 feet, and shot it with nitroglycerin at about that depth, but could not pull it. Then at 10:00 p. m., April 23, 1950, McBride signed another order to use plaintiff’s back-off shot, and the pipe was shot at about 1,100 feet; however, two shots had to be used before the pipe was loosened, but no charge was made for the second shot, because when the Magna-Tector is used, plaintiff will shoot the pipe as many times as necessary for $250.
After the work was done, McBride signed two documents called “service order and delivery receipt.” At least Berry and Gauntt, who performed the services, say he signed them after the work was done. One of them was for the Magna-Tector, $350, and the other for the back-off shots, $250, and $72 for waiting time and $35 for operator one day, making a total of $357 for this invoice. It is admitted that the invoices were not filled out as to service or charges at the time McBride signed them, and McBride insists that the work orders and the invoices were all signed at the same time, and after the work was performed, but he is contradicted in this by both Berry and Gauntt. We are of the opinion that McBride is mistaken about signing the orders and invoices at the same time, and that he must have known the Magna-Tector was to be run, and the cost of it.
Only a question of fact is involved in this case. The District Court resolved the question in favor of plaintiff, and we are not prepared to- say that his finding of fact is manifestly erroneous, but in fact we are constrained to agree with his finding, and for that reason, the judgment will be affirmed at the cost of defendant-appellant in, both courts.
KENNON, J., not participating.